UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JERRY HIGGINS**                                                                                          **PLAINTIFF**

v.                                                                                                      No. 5:22-cv-88-BJB

**THE LINCOLN ELECTRIC CO., ET AL.**                                                  **DEFENDANTS**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Jerry Higgins worked as a sales representative for The Lincoln Electric Company. Lincoln sponsors an ERISA-governed long-term benefits plan for its employees under a policy issued by MetLife. Higgins apparently received a benefit statement from Lincoln in July 2017 advertising that he was eligible for $92,260.80 in total benefits. Complaint (DN 1) ¶ 18; Benefits Statement (DN 1-1). But when he became disabled and applied for benefits that August, he was told that he would only receive $60,000. Complaint ¶ 17.

In January 2022, Higgins's lawyer requested the "administrative record" of the 2017 claims from MetLife and demanded payment of the higher benefits amount listed in the July 2017 statement. *Id.* ¶ 19. MetLife initially did not respond, and later told Higgins that he should submit his requests to Lincoln instead. *Id.* ¶¶ 20, 22. But when Higgins contacted Lincoln, it sent him back to MetLife. *Id.* ¶ 24. Higgins, unimpressed with the run-around, sued Lincoln and MetLife, alleging violations of ERISA.

The complaint asserts two substantive claims against MetLife, four claims against Lincoln, and one claim for attorney's fees against both. Count III alleges that MetLife violated 29 U.S.C. § 1132(c) (ERISA § 502(c)) when it failed to give Higgins the requested plan information (which Higgins styles as the "administrative record," a term not found in § 1132). Complaint ¶¶ 36–42. Count IV alleges that MetLife violated § 1132(c) when it failed to respond to his claim for increased benefits "in accordance with ERISA (including, without limitation, 29 C.F.R. § 2560.503-1(f)(3)) and the plan documents." Complaint ¶¶ 43–49.

MetLife, however, argues that it cannot be liable for penalties under § 1132(c) because it is not the "plan administrator" and because the requested records and benefits determination are not covered by § 1132(c). Motion to Dismiss (DN 6) at 4–8.

1

Even accepting the factual allegations in the complaint as true, drawing all reasonable inferences in favor of the non-moving party, and considering only the pleadings and attached documents, Higgins hasn't stated a plausible ERISA claim against MetLife. *See Royal Truck & Trailer Sales and Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quotation omitted); *see also Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013) ("documents attached to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim" (cleaned up)). This includes the Plan Booklet (DN 6-2) outlining the terms and administration of Lincoln's long-term benefits plan.

Section 1132(c)(1) requires the "administrator" of an ERISA-governed plan to provide specified information to a plan beneficiary upon request. Failure to provide this material within 30 days may result in penalties of up to $100 per day. § 1132(c)(1). ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated; [or] if an administrator is not so designated, the plan sponsor." § 1002(16). The Sixth Circuit has repeatedly held that only the "plan administrator"—usually "the employer who adopted the benefit plan in question"—may be liable for penalties under § 1132(c). *Butler v. United Healthcare of Tenn., Inc.*, 764 F.3d 563, 570 (6th Cir. 2014) (quotation omitted); *see also Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001) ("The law in this Circuit is clear that only a plan administrator can be held liable under section 1132(c)." (cleaned up)). In contrast, the "claims administrator"—"the entity that administers claims for employee welfare benefit plans and has authority to grant or deny claims"—is not liable under the section. *Butler*, 764 F.3d at 570 (quotation omitted).

The long-term benefits plan here specifically designates Lincoln as the plan administrator. Plan Booklet at 60. According to the definition set out in § 1002(16), this makes Lincoln the "administrator" subject to the obligations and potential penalties in § 1132(c). Higgins even admits as much. Response to MetLife MTD (DN 8) at 3. He contends half-heartedly that MetLife nevertheless functioned as the "de facto plan administrator." Response to MetLife MTD at 4–5. It cites no binding legal precedent for the existence of this atextual category of de facto administrators superseding plan-designated de jure administrators; rather, the brief mentions only a single district-court decision that acknowledged the *potential* for liability of an undesignated administrator-in-practice. *See id.* (citing *SLF No. 1, LLC v. United Healthcare Servs., Inc.*, 2014 WL 518222, at *6 (M.D. Tenn. Feb. 7, 2014)). And its factual support all relates to MetLife's work as a *claims* rather than *plan* administrator. *See* Response to MetLife MTD at 4. But claim administration is not the same thing as plan administration. The statute and precedent make this plain. *See Butler*, 764 F.3d at 570. And the statutory section under which Higgins sued covers the latter rather than the former.

Because MetLife is not the plan administrator under the statutory definition, it is not liable under § 1132(c). Counts III and IV necessarily fail against MetLife (so too the derivative attorney-fee claim) and the Court grants MetLife's motion to dismiss the claims against it.

Benjamin Beaton, District Judge
United States District Court

January 27, 2023

3